IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21-CV-1660 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| 252,640 COUNTERFEIT 3M BRANDED | ) | |
| MODEL 1860-S RESPIRATORS/MASKS – | ) | |
| SOLD TO THE CLEVELAND CLINIC BY | ) | |
| Q2 SOLUTIONS, and | ) | |
| | ) | |
| 94,000 COUNTERFEIT 3M BRANDED | ) | |
| MODEL 1860 RESPIRATORS/MASKS – | ) | |
| SOLD TO THE CLEVELAND CLINIC BY | ) | |
| Q2 SOLUTIONS, | ) | |
| | ) | |
| Defendants. | ) | |

**AGREEMENT AND ORDER OF FORFEITURE**

It appears to the Court that proper proceedings for the issuance of this final order have

been had in this case as follows:

    1.    The following properties are the defendant properties in the instant case:

    •    252,640 counterfeit 3M branded, model 1860-S [small] respirators/masks – sold

to the Cleveland Clinic by Q2 Solutions, LLC.

    •    94,000 counterfeit 3M branded, model 1860 respirators/masks – sold to the

Cleveland Clinic by Q2 Solutions, LLC.

    2.    On March 11, 2021, the Cleveland Clinic voluntarily abandoned the defendant

properties to the U.S. Department of Homeland Security.  On the same date, the defendant

properties were seized by the U.S. Department of Homeland Security / Homeland Security

Investigations at the Cleveland Clinic main campus located in Cleveland, Ohio. The defendant properties are now in the custody of the federal government. (R. 1: Complaint in Forfeiture, at p. 2, ¶ 3).

3.      On August 26, 2021, the United States filed its Complaint in Forfeiture (R. 1) against the defendant properties. Therein, among other things, the United States alleged that "[t]he defendant properties are subject to forfeiture to the United States under 18 U.S.C. Section 2323(a), which provides for the forfeiture of counterfeit property that is made or trafficked and/or used in violation of 18 U.S.C. Section 2320." (R. 1: Complaint in Forfeiture, at p. 2, ¶ 6).

4.      The United States mailed notice of the forfeiture action - by certified mail - to Q2 Solutions. Service of the documents was made by certified mail on or about August 31, 2021.

5.      On October 4, 2021, Q2 Solutions, LLC, filed a Verified Claim of Interest (R. 8) with respect to the defendant properties. Therein, *inter alia*, Q2 Solutions, LLC, stated that "[b]ased on Plaintiff's assertions in the Complaint and other facts and circumstances surrounding the Goods, Q2 has, on information and belief, an ownership, possessory, reversionary, and/or equitable interest in the Goods." (R. 8: Verified Claim of Interest, at p. 1, ¶ 2).

6.      As required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States posted notice of the Complaint in Forfeiture on an official government internet site for at least 30 consecutive days, beginning on August 28, 2021 and ending on September 26, 2021. No claims to the defendant properties were filed as a result of the internet notification. (Docket Report).

7.      The Clerk of this Court issued a Warrant of Arrest *in Rem*, which was served on the defendant properties by U.S. Customs and Border Protection on August 26, 2021. (R. 5: Executed Warrant of Arrest *in Rem*).

2

## AGREEMENT

It is hereby stipulated and agreed by and between the United States Attorney's Office, Northern District of Ohio ("USAO"), Plaintiff, and Q2 Solutions, LLC, Claimant, as follows:

i.)     Without any admission of wrongdoing, Q2 Solutions, LLC, hereby withdraws its Verified Claim of Interest (R. 8) filed in the instant case and understands that the defendant properties will be forfeited.

ii.)     The United States – through U.S. Customs and Border Protection – will maintain custody of the defendant properties for as long as it, in its discretion, deems necessary; however, in any event, such custody shall be maintained for at least one year from the date of entry of this Agreement and Order of Forfeiture.

iii.)     Should Q2 Solutions, LLC, and/or the Cleveland Clinic seek an order from a court of competent jurisdiction requiring U.S. Customs and Border Protection to maintain custody of the defendant properties beyond one year from the date of entry of this Agreement and Order of Forfeiture, the USAO agrees that it will not oppose such extension request if such request is based upon reasonable litigation-related considerations; including, but not limited to, litigation brought by Q2 Solutions, LLC, against a third-party.  In the event a court of competent jurisdiction – based upon a request made by Q2 Solutions, LLC – orders U.S. Customs and Border Protection to maintain custody of the defendant properties beyond one year from the date of entry of this Agreement and Order of Forfeiture, Q2 Solutions, LLC, shall thereafter bear the costs of custody.

iv.)     Q2 Solutions, LLC, understands, acknowledges and agrees to hold harmless and indemnify the United States, its agents, representatives and employees, including but not limited to, any involved state or local law enforcement agencies and their agents or employees, the

3

United States Department of Justice, the United States Attorney's Office for the Northern

District of Ohio, the U.S. Department of Homeland Security / Homeland Security Investigations,

and U.S. Customs and Border Protection, from any and all claims, suits or demands made upon

them of whatever nature, in connection with, arising from, or relating in any way to, the seizure

and detention of the defendant properties.

      v.)    This Agreement is limited to the agreements set forth in paragraphs (i) – (iv),

above.  In particular, by signing this Agreement, the parties make no additional agreements

and/or admissions with respect to any actual or prospective proceeding or action.

      vi.)    The respective parties will each bear their own costs, fees, and expenses in this

matter.

      vii.)    The persons signing this Agreement warrant and represent that they possess

authority to bind the entities on whose behalf they are signing.

      viii.)   It is contemplated that this Agreement may be executed in counterparts, with a

separate signature page for each party.  All such counterparts and signature pages, together, shall

be deemed to be one document.

Respectfully submitted,

Bridget M. Brennan
United States Attorney, N.D. Ohio


Brett W. Johnson (*pro hac vice*)      By:    James L. Morford (Ohio: 0005657)
Arizona Bar Number: 021527                      Assistant United States Attorney, N.D. Ohio
Snell & Wilmer, LLP                                 Carl B. Stokes U.S. Court House
One Arizona Center                                801 West Superior Avenue, Suite 400
400 East Van Buren, Suite 1900                  Cleveland, Ohio 44113
Phoenix, Arizona 85004-2202                    216.622.3743 / James.Morford@usdoj.gov
602.382.6312 / BWJohnson@SWLaw.com

Attorney for Claimant Q2 Solutions, LLC

4

**ACCORDINGLY, IT IS ORDERED, ADJUDGED, AND DECREED:**

1.     The Court accepts the parties' agreements, set forth above, with respect to the defendant properties.

2.     The following defendant properties are finally forfeited to the United States under 18 U.S.C. § 2323(a), and no right, title, or interest shall exist in any other party.  The United States shall seize and take control of the properties, and – subject to paragraphs 3 and 4, below - shall dispose of them in accordance with law:

- 252,640 counterfeit 3M branded, model 1860-S [small] respirators/masks – sold to the Cleveland Clinic by Q2 Solutions.

- 94,000 counterfeit 3M branded, model 1860 respirators/masks – sold to the Cleveland Clinic by Q2 Solutions.

3.     The United States – through U.S. Customs and Border Protection – will maintain custody of the properties for as long as it, in its discretion, deems necessary; however, in any event, such custody shall be maintained for at least one year from the date of entry of this Agreement and Order of Forfeiture.

4.     Should Q2 Solutions, LLC, and/or the Cleveland Clinic seek an order from a court of competent jurisdiction requiring U.S. Customs and Border Protection to maintain custody of the properties beyond one year from the date of entry of this Agreement and Order of Forfeiture, the USAO has agreed that it will not oppose such extension request if such request is based upon reasonable litigation-related considerations; including, but not limited to, litigation brought by Q2 Solutions, LLC, against a third-party.  In the event a court of competent jurisdiction – based upon a request made by Q2 Solutions, LLC – orders U.S. Customs and Border Protection to maintain custody of the properties beyond one year from the date of entry of

this Agreement and Order of Forfeiture, Q2 Solutions, LLC, shall thereafter bear the costs of custody.

    **SO ORDERED** this ___ 29th ___ day of November, 2021.

Donald C. Nugent
United States District Judge, N.D. Ohio